# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | | |
|---|---|---|
| TERESA L. SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-4187-SSA-CV-C-WAK |
| | ) | |
| JO ANNE B. BARNHART, Commissioner, | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Claimant Teresa Smith seeks judicial review,[1] pursuant to 42 U.S.C. § 405(g), of a final administrative decision denying disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, and Supplemental Security Income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1383 *et seq.* She claims she became disabled beginning in January 2002. The parties' briefs were fully submitted, and on May 3, 2005, an oral argument was held.

"Title II of the Social Security Act provides for the payment of insurance benefits to persons who suffer from a physical or mental disability, and Title XVI provides for the payment of disability benefits to indigent persons. The Act further provides that 'an individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . .' 42 U.S.C. § 423(d)(2)(A) (2003)." Lewis v. Barnhart, 353 F.3d 642, 645 (8th Cir. 2003).

In reviewing the administrative record, the court must sustain the Commissioner's decision if the findings are supported by substantial evidence on the record as a whole. 42

---

[1] With the consent of the parties, this case was assigned to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

U.S.C. § 405(g); Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000). The court may not, however, "rubber stamp" the Commissioner's decision, but must examine both the evidence that supports and detracts from the administrative determination. Piercy v. Bowen, 835 F.2d 190, 191 (8th Cir. 1987); Cline v. Sullivan, 939 F.2d 560, 564 (8th Cir. 1991).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1). See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995). To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment." McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

If the claimant establishes the impairment is sufficiently severe to prevent return to a former occupation, the burden shifts to the Commissioner to produce evidence the claimant can perform other substantial gainful employment. Buck v. Bowen, 885 F.2d 451, 454 (8th Cir. 1989). The Commissioner need not find a specific job opening for the claimant, but must demonstrate that substantial gainful activity is realistically within the capabilities of the claimant. McMillian, 697 F.2d at 221.

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments. McMillian, 697 F.2d at 221.

Here, claimant Teresa Smith alleges she is disabled based upon degenerative arthritis in her knees, migraine headaches and back problems. She was born in 1966, completed high school and has previously worked as a stitcher, nurse's aide and kitchen helper. She claims the administrative law judge (ALJ) erred in using the medical-vocational guidelines in finding her not disabled. She states that because she suffers from nonexertional impairments, the ALJ should have called a vocational expert to testify.

2

The ALJ, however, found that her allegations of disabling pain were not credible. He noted that her prescription pain medication was for mild-to-moderate pain and that her post-operative reports, particularly following the June 2003 surgery, provided an excellent result. He determined that her overall medical records did not support her claim, she had a felony conviction for welfare fraud, she had filed three other applications for disability, an unimpressive earnings history, and that she often failed to show up for physical therapy. Taken together, he found that these items detracted from her credibility. He then determined her residual functional capacity and found that she could perform a full range of light work. Inherent in that determination was a finding that her pain did not significantly affect her ability to perform the full range of light work and that her allegations of pain were not credible.

The issue is not whether plaintiff was experiencing pain during the coverage period, but how severe the pain was and whether it was disabling. Gowell v. Apfel, 242 F.3d 793, 796 (8th Cir. (2001); Thomas v. Sullivan, 928 F.2d 255, 259 (8th Cir. 1991). In this case, the severity of claimant's pain turned on her credibility and the ALJ found that it was not severe or significant and therefore, did not call a vocational expert.

The cases are clear that when there are nonexertional impairments combined with exertional impairments, the ALJ must consider the impact those nonexertional impairments have on the claimant's work capacity. In many cases, that requires the calling of a vocational expert to provide testimony. However, "[i]f the claimant's characteristics do not differ significantly from those contemplated in the Medical-Vocational Guidelines, the ALJ may rely on the Guidelines alone to direct a finding of disabled or not disabled." Lucy v. Chater, 113 F.3d 905, 908 (8th Cir. 1997). In other words, the Guidelines may be used "if the ALJ finds, and the record supports the finding, that the nonexertional impairment does not diminish the claimant's residual functional capacity to perform the full range of activities listed in the Guidelines." Id. In this case, that is what the ALJ found and that finding was supported by the record.

"Where adequately explained and supported, credibility findings are for the ALJ to make." Lowe v. Apfel, 226 F.3d 969, 972 (8th Cir. 2000). Subjective complaints of physical problems or pain may be discounted when they are inconsistent with medical reports, daily

3

Case 2:04-cv-04187-WAK   Document 14   Filed 05/17/05   Page 3 of 4

activities or other such evidence and when they are supported by substantial evidence based upon the record as a whole.  Dixon v. Barnhart, 353 F.3d 602, 605 (8th Cir. 2003).

For these reasons and those set forth in more detail in the Commissioner's brief, it is

ORDERED that the decision of the Commissioner is affirmed and this case is dismissed.

Dated this 17th day of May, 2005, at Jefferson City, Missouri.

/s/

WILLIAM A. KNOX
United States Magistrate Judge